IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Bartholomew Earl Green, ) | Case No. 3:22-cv-04548-DCC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| Martin Marietta Materials, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Defendant's Partial Motion to Dismiss. ECF No. 5. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). The Magistrate Judge issued a Report recommending that Defendant's Motion be granted. ECF No. 37. Plaintiff filed objections to the Report, and Defendant filed a reply. ECF Nos. 21, 23.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or

recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

Upon review,[1] the Court finds that the Magistrate Judge provided a thorough recitation of the relevant facts and applicable law which the Court incorporates by reference. Briefly, Plaintiff brings claims for racial discrimination, retaliation, and wrongful discharge in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964; for failure to accommodate and retaliation in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"); and claims for interference and retaliation in violation of the Family and Medical Leave Act. Defendant moves for dismissal of Plaintiff's claims for failure to accommodate and for retaliation in violation of the ADA and argues that Plaintiff failed to exhaust his administrative remedies as to these claims. The Magistrate Judge recommends granting the Motion and dismissing those claims.

As noted by the Magistrate Judge, exhaustion of administrative remedies is required prior to filing an action alleging violations of the ADA. *Sydnor v. Fairfax Cnty.*, 681 F.3d 591, 593 (4th Cir. 2012). This requirement is intended to: (1) notify employers

---

[1] The Court's review has been de novo except where specifically stated otherwise.

about the facts alleged, allowing them to address the allegations before litigation; and (2) provide the agency an opportunity to resolve the claims in a "less formal, and less expensive dispute resolution process." *Id*. at 593.

Here, Plaintiff completed a charge of discrimination ("Charge") as a pro se party. ECF No. 5-1. He checked the boxes for race, retaliation, and disability and included the following statements,

> Personal Harm:
>
> • I was intimidated and harassed from on or about May 1, 2018 through August 6, 2021.
>
> • I was demoted on or about July 26, 2021.
>
> • I was discharged on or about August 6, 2021.
>
> Respondent's Reason(s):
>
> • There was no reason given.
>
> • The reason given was excessive absences.
>
> • There was no reason given.
>
> Complainant's Contention(s):
>
> • As a Foreman, I was I was subjected to racial comments by the Plant Manager (Caucasian), was told he was a "Redneck, they kill black people, the KKK headmaster lived behind the plant and did I want to take a ride." In addition, the Plant Manager informed those under my management not to follow any instructions that I give and to address him with any matters. Moreover, I was never able to give evaluations because the Plant Manager stated, "black people cannot elevate white people." I reported my concerns to Human

> Resources and the Director, but no amenable solutions were given. Because of my race, I was subjected to such treatment.
>
> • I was demoted from Foreman to a Loader Operator. I was told I was missing too many days although my employer was aware of my medical condition. I am aware of another employee (Caucasian) who was absent a lot due to medical issues but was not demoted. Because of my race and medical condition, I was subjected to such treatment.
>
> • Because of the way I was treated, I requested an early retirement but was terminated instead. I believe I was terminated because of my race, medical condition and in retaliation for my complaints to Human Resources and the Director.
>
> IV. Discrimination Statement:
>
> I therefore believe I have been discriminated against because of my race (African American), my qualified disability and in retaliation for engaging in an activity protected by the South Carolina Human Affairs Law, as amended, Title VII of the US Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act of 1990, as amended.

*Id.*

As an initial matter, Plaintiff has not objected to the Magistrate Judge's finding that any attempt to amend the Complaint with respect to these claims would be futile. Upon review for clear error, the Court agrees with this recommendation of the Magistrate Judge.

In his objections, Plaintiff addresses both claims together rather than separate them out for discussion as the Magistrate Judge did in the Report. Upon review, the Court finds that some of Plaintiff's objections can be discussed as to both claims and will begin with a discussion of those arguments. The Court will then proceed to a discussion of each claim.

4

Plaintiff states that "to dismiss the ADA claims at this stage under the argument(s) presented would be both premature and prejudicial." ECF No. 21 at 4. He argues that dismissal would deny him the opportunity to adjudicate these claims on their merits. The Court agrees that the exhaustion requirement subjects claims to dismissal at an early procedural stage; however, the requirement of exhaustion is mandatory and does not hinge upon any later discovered information. *See Stewart v. Jones Util. & Contracting Co. Inc*, 806 F. App'x 738, 740 (11th Cir. Mar. 19, 2020) (holding that the requirement that the plaintiff exhaust her administrative remedies with the EEOC before filing a complaint under Title VII or the ADA "is a mandatory claims-processing rule, not a jurisdictional prerequisite" (citing *Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843 (2019))). The evaluation of whether Plaintiff has exhausted his administrative remedies with respect to his ADA claims is proper, and this objection is overruled.

Plaintiff also makes reference to the liberal construction standard applicable to pro se filings. To the extent he contends that the Magistrate Judge failed to liberally construe his Charge, the Court disagrees. The Magistrate Judge acknowledges Plaintiff's pro se status at the time that he completed the Charge and correctly notes that he was not excused from the exhaustion requirement because he was not assisted by counsel in completing the Charge. There is nothing in the Report to indicate that the Magistrate Judge failed to liberally construe the Charge. Accordingly, this objection is overruled.

The Court now turns to a specific inquiry into Plaintiff's claims for failure to accommodate and retaliation in violation of the ADA. With respect to Plaintiff's failure to accommodate claim, the Court agrees with the recommendation of the Magistrate Judge.

5

As noted by the Magistrate Judge, the ADA provides for three distinct claims: discrimination, failure to accommodate, and retaliation. The Charge does not refer to any request or denial of an accommodation for Plaintiff due to his medical condition. *See, e.g., Butler v. Pennington*, C/A No. 2:15-4455-BHH, 2019 WL 1614834, at *9 (D.S.C. Apr. 16, 2019) ("[T]he absence of the failure to accommodate allegation in the charge of discrimination is fatal to the viability of that pleading theory in this Court."), *aff'd in part, appeal dismissed in part*, 803 F. App'x 694 (4th Cir. 2020); *but see Felder v. TD Bank US Holding Co.,* C/A No. 3:21-317-MGL-PJG, 2021 WL 2228674, at *3 (D.S.C. Mar. 29, 2021) (holding the plaintiff exhausted her administrative remedies as to an ADA failure to accommodate claim where "[i]n her charge of discrimination to SCHAC, she checked the box for disability discrimination and alleged that she was denied personal time off because of her disability, while other employees were not denied personal time"), *report adopted, C/A* 2021 WL 1940567 (D.S.C. May 14, 2021).[2] Accordingly, Plaintiff's objection is overruled and this claim is dismissed.

The Court now turns to Plaintiff's claim for retaliation in violation of the ADA. In his Complaint, Plaintiff, through counsel, states that he "engaged in protected activity when he reported his demotion to Martin Marietta HR." ECF No. 1-1 at 12. He alleges that

---

[2] The Court notes that both parties address the fact that there are seemingly inconsistent rulings on this issue within the district. First, as pointed out by the Magistrate Judge's citations, more courts in this district have decided this issue consistent with the undersigned in this case. Second, all the cases relevant to this issue relied upon by both parties are unpublished district court cases or cases from outside this circuit; accordingly, they are not binding upon the Court. Finally, these inquiries are necessarily case-specific and turn upon the unique wording of the charge and the claims presented.

Defendant retaliated against him by demoting him, terminating him, not allowing him to retire, and other conduct.  Upon review, the Court finds that, even liberally construing his Charge, there is nothing in the Charge that would indicate Plaintiff intended to bring a claim that he was retaliated against for complaints made pursuant to his rights under the ADA.  The only complaints to management or Human Resources referenced in his Charge refer to his treatment based on race. *See* ECF No. 5-1.  Accordingly, the Court overrules Plaintiff's objection and dismisses this claim.[3]

## **CONCLUSION**

Based on the foregoing and upon de novo review of the record, the applicable law, and the Report, the Court agrees with the recommendation of the Magistrate Judge. Defendant's Motion for Partial Dismissal [5] is **GRANTED** and Plaintiff's claims for claims for failure to accommodate and retaliation in violation of the ADA are **DISMISSED** with prejudice.

IT IS SO ORDERED.

September 28, 2023                                            s/ Donald C. Coggins, Jr.
Spartanburg, South Carolina                             United States District Judge

---

[3] The Court notes Plaintiff's Charge may indicate a claim for retaliation in violation of the ADA where the protected activity is time off as an accommodation of the ADA. However, this is unclear in the Charge and, in any event, is not the claim raised in the Complaint.  Further, Plaintiff's Complaint does raise claims under the Family Medical Leave Act for interference and retaliation arising from alleged adverse employment action related to necessary time off due to his medical conditions, which are not the subject of this Motion.