IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Bartholomew Earl Green, | ) | Case No. 3:22-cv-04548-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Martin Marietta Materials, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Defendant's Motion for Summary Judgment. ECF No. 44. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). The Magistrate Judge issued a Report recommending that Defendant's Motion be granted. ECF No. 56. Plaintiff filed objections to the Report, and Defendant filed a reply. ECF Nos. 59, 60. A hearing was held before the undersigned on this matter on June 11, 2024. ECF No. 63.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or

recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

Upon review,[1] the Court finds that the Magistrate Judge provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. Briefly, Plaintiff brings claims for racial discrimination, retaliation, and wrongful discharge in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 ("Title VII") and claims for retaliation in violation of the Family and Medical Leave Act ("FMLA"). Defendant moves for summary judgment on all claims. The Magistrate Judge recommends granting the Motion.

As an initial matter, Plaintiff does not specifically object to the Magistrate Judge's determination regarding his claims brought pursuant to 42 U.S.C. § 1981. Therefore, upon review for clear error, the Court agrees with the recommendation of the Magistrate Judge that summary judgment is appropriate with respect to these claims. The Court notes that the Magistrate Judge considered Plaintiff's § 1981 claims in conjunction with Plaintiff's Title VII claims. To the extent he intended to object to the Magistrate Judge's

---

[1] The Court's review has been de novo except where specifically stated otherwise.

2

discussion under both statutes, the Court has reviewed that portion of the Report de novo; will address Plaintiff's Title VII claims below; and finds, as the Magistrate Judge did, that the reasoning also applies to any § 1981 claims.

***Retaliation Claims***

Plaintiff brings claims for retaliation pursuant to the FMLA and Title VII. The Magistrate Judge determined that Plaintiff did not have any direct evidence of retaliation; therefore, he must proceed through the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800–06 (1973). The Magistrate Judge assumed without deciding that Plaintiff established a prima facie case of retaliation but determined that he failed to prove that the legitimate, nonretaliatory reason given for his demotion, which led to his retirement, was pretext. Plaintiff objects to the Magistrate Judge's finding that he failed to sufficiently establish pretext. He contends that the Magistrate Judge incorrectly found that some of his evidence was inadmissible hearsay, that there is evidence in the record of Defendant's inconsistent statements regarding the reason for the adverse employment action, and that the Magistrate Judge failed to consider other evidence probative of pretext. Upon de novo review, the Court agrees with the recommendations of the Magistrate Judge.

First, the Court agrees with the Magistrate Judge that some of Plaintiff's evidence is inadmissible hearsay that cannot be considered on a motion for summary judgment. *See Lyons v. City of Alexandria*, 35 F. 4th 285, 290 (4th Cir. 2022). Plaintiff offered testimony that Jason Mobley, another employee of Defendant, informed him that plant-manager John David Law had made comments about Plaintiff's absences. The

3

Magistrate Judge determined that the relevant exception, Fed. R. Evid. 801(d)(2)(D), did not apply. Plaintiff contends that the statement was not hearsay because it was offered against Defendant and was made by its "agent or employee on a matter within the scope of that relationship and while it existed."[2] Fed. R. Evid. 801(d)(2)(D).  As explained in more detail by the Magistrate Judge, Plaintiff has not established that Mobley met the requirements for this exception to apply.  Therefore, the objection is overruled.

Next, Plaintiff contends that Defendant offered inconsistent reasons for the adverse employment action, which is probative of pretext.  He contends that there is evidence in the record that there was a plan in place to demote Plaintiff before the photograph that purported to show him sleeping on the job was introduced; that, at some point, human resources said that the demotion was part of a planned reorganization; and that Defendant asserted there was a history of performance issues but failed to provide any documentation of such.  Upon review, the Court finds that the Magistrate Judge fully analyzed this argument and incorporates her discussion herein.  *See* ECF No. 56 at 18–21.  Briefly, while there may have been other discussions about demoting Plaintiff, there is no evidence in the record that any adverse employment action actually taken was due to anything other than the photograph of him purportedly sleeping on the job.  The Court

---

[2] Plaintiff also argues that the statement is subject to the hearsay exception for "then-existing mental, emotional, or physical condition" because "it is a statement of Law's then-existing state of mind including his motive, intent and plan to demote Plaintiff and force him to retire." ECF No. 59 at 3.  Plaintiff also asserts that the statement was "made by another employee that falls under the party opponent exception.. Law also fall[s u]nder rule 803(3)-statement of intent or plan."  *Id.*  The statement by Mobley to Plaintiff constitutes double hearsay.  Even if the statement by Law fell under an exception, there is no support for Plaintiff's assertion that any of these exceptions apply to the statement made by Mobley to Plaintiff.  Therefore, the objection is overruled.

4

specifically notes that Plaintiff maintains that he was not asleep, and the Court has no reason to doubt his version of events. However, even if he did not engage in any misconduct, Plaintiff has failed to produce any evidence that Defendant knew that he did not engage in any misconduct or that the proffered legitimate, nonretaliatory reason for the adverse employment action was pretext. *See Villa v. CavaMezze Grill, LLC*, 858 F.3d 896, 903 (4th Cir. 2017) ("If [the plaintiff] was fired for misconduct she did not actually engage in, that is unfortunate, but a good-faith factual mistake is not the stuff of which Title VII violations are made."). Accordingly, this objection is overruled.

Finally, Plaintiff argues that the Magistrate Judge failed to consider other evidence in support of a finding of pretext. Specifically, Plaintiff contends that the Magistrate Judge failed to consider: the temporal proximity between his use of FMLA leave and the beginning of plans to demote him, the statements by Law that the Magistrate Judge deemed hearsay, Defendant falsely claims that there were documented performance issues with Plaintiff, and there was a lack of legitimate and adequate investigation into the photograph prior to the decision to demote him. With respect to his first argument—that temporal proximity supports a finding of pretext—the Court overrules this objection because it has already found an independent and legitimate, nonretaliatory reason for the demotion has been put forward. The proximity of time between his FMLA leave and any other discussions about his performance are irrelevant to a finding of pretext where there is sufficient evidence in the record to establish that the contested photograph was a legitimate, nonretaliatory reason for the adverse employment action and not mere pretext. *See, generally, Watson v. Fairfax Cnty., Virginia*, 297 F. Supp. 3d 591, 604 (E.D. Va.

5

2018) ("Because there is an intervening event that explains the close proximity of plaintiff's diagnosis and her termination, this temporal proximity alone does not establish that defendant's legitimate reason for terminating plaintiff is pretext for discrimination."); *Gnutek v. Illinois Gaming Bd.*, No. 17-CV-00808, 2022 WL 169654, at *13 (N.D. Ill. Jan. 19, 2022), *aff'd,* 80 F.4th 820 (7th Cir. 2023) ("In the context of a suspicious timing argument (and there is no apparent reason why the same principle would not hold true in the context of pretext more generally), significant intervening events can defeat any reasonable inference of causation."). With respect to Plaintiff's second argument—that the identified statements are not hearsay—the Court has agreed with the Magistrate Judge that the statements are inappropriate for consideration. As to the third argument—that Defendant could not point to any documented performance issues—this argument also does not address the fact that Defendant has presented a legitimate, nonretaliatory reason for the adverse employment action that Plaintiff has not been able to establish is pretext. Finally, with respect to Plaintiff's argument that there was an insufficient investigation into the photograph, Plaintiff's cited cases are inapposite to the circumstances presented here, and there is no evidence that a more thorough investigation was required under the circumstances. Therefore, these objections are overruled.

### *Discrimination Claims*

The Magistrate Judge determined that Plaintiff's discrimination claims failed for the same reasons that his retaliation claims failed. She further found that Plaintiff failed to put forward a valid comparator. Plaintiff objects and reasserts his arguments put forward

as to his retaliation claims.  He further contends that he has provided a valid comparator and that there is other evidence of discriminatory intent in the record such that a comparator is unnecessary.  Upon de novo review, the Court agrees with the recommendations of the Magistrate Judge.

With respect to Plaintiff's reassertion of his earlier arguments, the Court has addressed those arguments and overruled those objections.  The corresponding objections to the Magistrate Judge's determination of his discrimination claims are also overruled.  As to Plaintiff's argument that he has identified a valid comparator, the Court incorporates the Magistrate Judge's discussion of this issue.  *See* ECF No. 56 at 22–23.  Briefly, Plaintiff has not put forward anyone who was under the same supervisor, subject to the same standards, and engaged in the same conduct but received more favorable treatment.  In his objections, Plaintiff continues to identify other employees in different positions who engaged in different conduct and received different adverse actions.  These are not valid comparators, and this objection is overruled.  *See Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 223–24 (4th Cir. 2019).  Finally, with respect to Plaintiff's argument that there was other evidence of discriminatory intent, even if the Court were to credit Plaintiff's argument, he still fails to establish by a preponderance of the evidence that the proffered legitimate, nondiscriminatory reason for the adverse employment action was pretext.  Accordingly, this objection is overruled.

*Hostile Work Environment*

Plaintiff also raises a claim for hostile work environment and identifies racially insensitive statements made by subordinates/coworkers and by Law, his supervisor, in

7

support of his claim.  The Magistrate Judge determined that Defendant took corrective action with respect to the subordinate/coworker statements and that Law's comments did not create a sufficiently abusive work environment.  Plaintiff objects to the Magistrate Judge's finding that corrective action was taken with respect to the subordinate/coworker comments and argues that Law's comments were severe or pervasive such that his claim should survive summary judgment.  Upon de novo review, the Court agrees with the recommendation of the Magistrate Judge.

As to the subordinate/coworker comments, the evidence in the record establishes that there were two inappropriate comments, Defendant suspended the offending employees, and Plaintiff did not report any continued harassment by them upon their return to work.  Plaintiff's disagreement with the remedial action at this point does not crate a genuine issue of material fact sufficient to survive summary judgment.  *See Brown v. Bratton*, No. 21-1998, 2022 WL 17336572, at *11 (4th Cir. Nov. 30, 2022) ("An employer may be liable where the victim is harassed by a co-worker only when the employer knew or should have known about the harassment and failed to take effective action to stop it[,]" where "[e]ffective corrective action means discipline that is reasonably calculated to end the behavior." (internal quotation marks and citation omitted)).  Accordingly, this objection is overruled.

Turning to Plaintiff's argument that Law's comments were sufficiently severe or pervasive such that his claim should survive summary judgment, the Court is constrained to find that the comments were not sufficiently severe or pervasive under the applicable law.  Plaintiff identifies five comments by Law made over a two-year period in support of

his hostile work environment claim.  However, the case law is clear that these comments are insufficient to preclude a finding of summary judgment.  *Compare Addison v. CMH Homes, Inc.,* 47 F.Supp.3d 404, 425 (D.S.C. Sept. 18, 2014) (holding that "[a]lthough these statements are deplorable, case law establishes that these isolated and sporadic comments, occurring eleven times over a two-year period and which, while verbally offensive, did not involve physically threatening behavior, are insufficient to establish that the alleged harassment meets the requisite objective standard."); *with Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 279–81 (4th Cir. 2015) (holding that a reasonable jury could conclude that a supervisor's two uses of racial slurs while yelling, made so closely to the plaintiff's face that she could feel the supervisor's "breath on her face" and "sprayed [her] face with saliva," and accompanied by a threat to fire the plaintiff, were severe enough to engender a hostile work environment).  Here, the Court finds that, under the relevant law and in light of the totality of the circumstances, there is no genuine issue of material fact that the comments by Law were so severe or pervasive that they created a hostile work environment.  *See McIver v. Bridgestone Americas, Inc.*, 42 F.4th 398, 410 (4th Cir. 2022); *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 23 (1993) (holding that, in deciding whether conduct was sufficiently severe or pervasive, a court should consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance").  Accordingly, this objection is overruled.

9

**CONCLUSION**

Based on the foregoing and upon review of the record, the applicable law, and the Report, the Court agrees with the recommendation of the Magistrate Judge. Defendant's Motion for Summary Judgment [44] is **GRANTED**.

IT IS SO ORDERED.

                                                  s/ Donald C. Coggins, Jr.
                                                  United States District Judge

June 27, 2024
Spartanburg, South Carolina